**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

MARY BILEK, individually and on behalf of )
others similarly situated, )
                     Plaintiff, )
      v. )
AMERICAS HEALTH CENTER INC., )
FEDERAL INSURANCE COMPANY d/b/a )
CHUBB, and DOES 1-10, )
                Defendants. )
                            )
                            )

Case No. 1:21-cv-01651

**DEFENDANT FEDERAL INSURANCE COMPANY'S ANSWER AND
AFFIRMATIVE DEFENSES TO PLAINTIFF'S CLASS ACTION COMPLAINT**

NOW COMES Defendant, FEDERAL INSURANCE COMPANY ("Federal"), by and through its attorneys, WALKER WILCOX MATOUSEK LLP, and for its answer and affirmative defenses to the Class Action Complaint of Plaintiff, Mary Bilek ("Plaintiff"), states:

1.      "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls." *Barr v. Am. Ass'n of Political Consultants, Inc*, 140 S. Ct. 2335, 2343 (2020).

**ANSWER:** Federal admits only that Paragraph 1 quotes certain portions of *Barr v. Am. Ass'n of Political Consultants, Inc*, 140 S. Ct. 2335, 2343 (2020), and Federal refers to *Barr v. Am. Ass'n of Political Consultants, Inc*, 140 S. Ct. 2335, 2343 (2020) for its complete and accurate contents. Federal denies any quoted language in Paragraph 1 that is inconsistent with the relevant portions of *Barr v. Am. Ass'n of Political Consultants, Inc*, 140 S. Ct. 2335, 2343 (2020). The remaining allegations of Paragraph 1 are not allegations of fact that Federal may be required to admit or deny. To the extent that an answer is required, Federal denies the remaining allegations in Paragraph 1.

2.      Defendant Americas Health Center Inc. ("AHC") called Plaintiff's cellular telephone number from a spoofed phone number and played a prerecorded message; i.e., a robocall. After Plaintiff "pressed 1" to speak with a live human being, AHC tried to sell Plaintiff

"Chubb" insurance for Defendant Federal Insurance Company ("FIC"), and provided a quotation for such. The call was completely unsolicited.

**ANSWER:** Federal lacks knowledge or information sufficient to form a belief as to the truth or

falsity of the allegations in Paragraph 2, and therefore denies these allegations.

3.     Given the automated nature of robocall violations, and the cost of litigation as compared with individual recoveries, a class action is the only practicable means of obtaining redress for Defendants' illegal prerecorded messages, and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

**ANSWER:** The allegations in Paragraph 3 state conclusions of law and not allegations of fact

that Federal may be required to admit or deny. To the extent a response is required, Federal

denies the allegations in Paragraph 3.

4.     Plaintiff Mary Bilek brings this action seeking money damages and injunctive relief on behalf of similarly situated persons, for these unsolicited calls, against Defendants AHC and FIC, to secure redress for Defendants' practice of causing nonconsensual telemarketing calls to be made to the cellular telephone numbers of Plaintiff and others using an artificial or prerecorded voice, in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and its state analog, the Illinois Automatic Telephone Dialers Act ("ATDA"), 815 ILCS 305/1 *et seq.* Plaintiff seeks redress against Defendants for violations of the ATDA's prohibition against impeding caller identification, as well.

**ANSWER:** Federal admits that Plaintiff purports to bring this class action under the TCPA and

the ATDA, but Federal expressly denies any wrongdoing or liability alleged against it in this

class action. Federal denies each and every remaining allegation in Paragraph 4.

5.     Both AHC and Federal should be held liable for these calls, even if they did not "initiate" the calls. For example, each Defendant has been sued previously for nearly identical violations, and each Defendant continues to accept business derived therefrom, despite that they know such marketing leads are being developed through illegal telemarketing.

**ANSWER**: Federal admits only that it has been sued for alleged violations of the TCPA and

ATDA in the past, but denies that such suits and allegations are relevant to Federal's alleged

liability in the instant action, and further denies any wrongdoing or liability in those cases.  The

remaining allegations in Paragraph 5 relating to Federal are legal conclusions to which no

response is required. To the extent that a response is required, Federal denies the allegations

asserted against it in Paragraph 5. Federal lacks knowledge or information sufficient to form a

belief as to the truth or falsity of the allegations asserted against AHC in Paragraph 5, and

therefore denies these allegations.

## **INTRODUCTION**

6.      Advancements in telephone dialing technology by the 1980s and 90s made
reaching a large number of consumers by telephone easier and more cost-effective. However,
this technology has also brought with it an onslaught of unsolicited robocalls, spam text
messages, and junk faxes that intrude on individual privacy and waste consumer time and
money. As a result, the federal government and numerous states have enacted legislation to
combat these widespread telecommunications abuses. As Congress recognized:

> Many customers are outraged over the proliferation of intrusive, nuisance calls to
> their homes.... Banning such automated or prerecorded telephone calls to the
> home, except when the receiving party consents to receiving the call or when such
> calls are necessary in an emergency situation affecting the health and safety of the
> consumer, is the only effective means of protecting telephone consumers from
> this nuisance and privacy invasion.

Pub. L. No. 102-243, 105 Stat. 2394 § 2(6, 12) (1991).

**ANSWER:** Federal admits only that Paragraph 6 quotes certain portions of Pub. L. No. 102-243,

105 Stat. 2394 § 2 (1991), and Federal refers to Pub. L. No. 102-243, 105 Stat. 2394 § 2 (1991)

for its complete and accurate contents. Federal denies any quoted language in Paragraph 6 that is

inconsistent with the relevant provisions of Pub. L. No. 102-243, 105 Stat. 2394 § 2. The

remaining allegations in Paragraph 6 consist of Plaintiff's own purported categorization of the

history of telephone dialing technology, not allegations of fact that Federal may be required to

admit or deny.  However, to the extent a response is required, Federal lacks knowledge or

information sufficient to form a belief as to the truth or falsity of the remaining allegations in

Paragraph 6, and therefore denies these allegations.

7.      As is relevant here, federal law under the TCPA prohibits "mak[ing] any call
(other than a call made for emergency purposes or made with the prior express consent of the

called party) using ... an artificial or prerecorded voice ... to any telephone number assigned to a ... cellular telephone service[.]" 47 U.S.C. § 227(b)(1)(A)(iii). The TCPA provides for injunctive relief and the greater of actual damages or $500 per violation, which can be trebled where the statute was "willfully or knowingly" violated. 47 U.S.C. § 227(b)(3).

**ANSWER:** Federal denies that 47 U.S.C § 227 is relevant here and expressly denies any wrongdoing or liability alleged against in this action under 47 U.S.C § 227. The remaining allegations in Paragraph 7 state conclusions of law and not allegations of fact that Federal may be required to admit or deny. However, to the extent a response is required, Federal admits only that Paragraph 7 quotes certain portions of 47 U.S.C § 227, and Federal refers to 47 U.S.C § 227 for its complete and accurate contents. Federal denies any quoted language in Paragraph 7 that is inconsistent with the relevant provisions of 47 U.S.C § 227.

8.       In Illinois, the ATDA also prohibits, inter alia, "play[ing] a prerecorded message placed by an autodialer without the consent of the called party" or impeding caller IDs during telemarketing calls. 815 ILCS 305/15(d); 30(b). The ATDA provides for treble actual damages, statutory damages of $500 per violation, and costs and reasonable attorneys' fees. 815 ILCS 305/30.

**ANSWER:** Federal denies that 815 ILCS 305/15 or 815 ILCS 305/30 are relevant here and expressly denies any wrongdoing or liability alleged against in this action under 815 ILCS 305/15 or 815 ILCS 305/30. The remaining allegations in Paragraph 8 state conclusions of law and not allegations of fact that Federal may be required to admit or deny. However, to the extent a response is required, Federal admits only that Paragraph 8 quotes certain portions of 815 ILCS 305/15 and 815 ILCS 305/30, and Federal refers to 815 ILCS 305/15 and 815 ILCS 305/30 for their complete and accurate contents. Federal denies any quoted language in Paragraph 8 that is inconsistent with the relevant provisions of 815 ILCS 305/15 and 815 ILCS 305/30.

9.       Defendants caused spoofed, prerecorded-voice calls to be made to Plaintiff's cell phone without her consent, and Plaintiff files this class action complaint on behalf of herself and others similarly situated, seeking relief from Defendants' illegal calling practices.

**ANSWER:** Federal admits only that Plaintiff filed this action on behalf of herself and seeking to represent a class. Federal denies the each and every remaining allegation asserted against it in Paragraph 9, including specifically denying that it placed or caused any calls to be placed to Plaintiff. Federal lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations against the other Defendant in Paragraph 9, and therefore denies these allegations.

## PARTIES

10.     Plaintiff Mary Bilek is a natural person who resides in Cook County, Illinois. Plaintiff received the calling at issue in this case to her cell phone number while in this District. Plaintiff's cell phone number has a District-based area code, 708.

**ANSWER:** Federal lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 10, and therefore denies these allegations.

11.     Defendant Federal Insurance Company is an Indiana corporation headquartered at 251 North Illinois Street, Suite 1100, Indianapolis, Indiana 46204. FIC is a member of the Chubb family of companies,[1] and is believed to be the "Chubb" entity whose insurance was solicited to Plaintiff during the calling at issue. FIC does regular and continuous business in Illinois, including in this District. FIC also maintains a physical presence in Illinois, including at its "Chubb" branch office at 525 West Monroe Street, Suite 700, Chicago, IL 30331.

**ANSWER:** There is no Defendant known as "Chubb."  In any event, Federal admits only that it is an Indiana corporation, and that it has its principal place of business in New Jersey. The allegations regarding Federal's "regular and continuous business" are conclusions of law and not allegations of fact that Federal may be required to admit or deny.  To the extent that a response is required, Federal denies these allegations.  Federal denies that it has an office at 525 West Monroe Street, Suite 700, Chicago, IL 30331.  Federal admits that it is a member of the Chubb group of affiliated companies.  Federal denies the remaining allegations of Paragraph 11.

---

[1]     *See* Chubb Ltd. SEC Form 10-K, Exhibit 21.1 (https://www.sec.gov/Archives/edgar/data/896159/000089615920000003/cb-12312019xex211.htm).

Federal states that the citation within footnote 1 is not an allegation of fact that Federal may be required to admit or deny. However, to the extent a response is required, Federal admits only that Plaintiff cites to Chubb Limited's SEC Form 10-K, Exhibit 21.1, and Federal refers to said SEC Form 10-K, and Exhibit 21.1 for their complete and accurate contents. Federal denies any allegations with respect to Chubb Limited's SEC Form 10-K, Exhibit 21.1 inconsistent with those contents.

12.     FIC specifically authorized AHC to market and develop business for it in Illinois, including AHC's communications with Plaintiff.[2]

**ANSWER:** Federal denies each and every allegation asserted against it in Paragraph 12. Federal states that the allegations within footnote 2 state conclusions of law and not allegations of fact that Federal may be required to admit or deny. However, to the extent a response is required, Federal admits only Plaintiff cites to Federal's Illinois Department of Insurance Profile and Illinois NAIC Profile, and Federal refers to its Illinois Department of Insurance Profile and Illinois NAIC Profile for their complete and accurate contents. Federal denies any allegations with respect to its Illinois Department of Insurance Profile or its Illinois NAIC Profile inconsistent with the contents of those profiles.

13.     Defendant Americas Health Center Inc. f/k/a United Health Assurance Inc. is a Florida corporation headquartered at 141 NW 20th Street, Suite G6, Boca Raton, Florida 33431. AHC operates using fictitious names, including America's Health Providers. AHC conducted regular and continuous business in Illinois during the relevant time period, including in this District. From August 13, 2015, until it was revoked on January 8, 2021, AHC maintained a business registration with the Illinois Secretary of State, with a registered agent address of 801 Adlai Stevenson Drive, Springfield, Illinois 62703.

---

[2]      *See* Illinois Department of Insurance Profile (https://insurance.illinois.gov/applications/RegEntPortal/ViewEntityDetails.aspx?en=291400&s=Active&t=INS); Illinois NAIC Profile (https://sbs.naic.org/solar-externallookup/lookup/company/summary/14161770?jurisdiction=IL).

**ANSWER:** Federal lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 13, and therefore denies these allegations.

14. AHC's CEO, Drew Cohen, maintains an insurance producer license in Illinois (No. 17271515), through which AHC does business in the state. Mr. Cohen has been an FIC-appointed insurance agent since at least 2016. Mr. Cohen authorized AHC to make calls into Illinois, including the calls to Plaintiff.

**ANSWER:** Federal states that the allegations in Paragraph 14 regarding Mr. Cohen's agency state conclusions of law and not allegations of fact that Federal may be required to admit or deny. To the extent that an answer is required, Federal admits that Drew Cohen was appointed as a sub-producer of Ocean Consulting Group, Inc. (a producer appointed by Federal), who could sell certain Federal products in certain states since 2016. Federal lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 14, and therefore denies these allegations.

15. DOES 1-10 are yet-unidentified persons or entities involved in facilitating the lead generation or calling at issue.

**ANSWER:** Federal lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 15, and therefore denies these allegations.

## JURISDICTION AND VENUE

16. This Court has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 with respect to Plaintiff's TCPA claims. *Mims v. Arrow Financial Services, Inc.*, 132 S. Ct. 740 (2012).

**ANSWER:** The allegations in Paragraph 16 state conclusions of law and not allegations of fact that Federal may be required to admit or deny. To the extent a response is required, Federal denies the allegations in Paragraph 16.

17. The Court has supplemental jurisdiction over Plaintiff's Illinois state law claims pursuant to 28 U.S.C. § 1367, because they are based on the same calls and so related to Plaintiff's federal TCPA claims that they form part of the same case or controversy.

**ANSWER:** The allegations in Paragraph 17 state conclusions of law and not allegations of fact that Federal may be required to admit or deny. To the extent a response is required, Federal denies the allegations in Paragraph 17.

18.     The Court also has Class Action Fairness Act jurisdiction, because the nationwide class and subclass are each comprised of thousands of members, at least one class member is a citizen of a different state from where any Defendant is a citizen, and because the aggregate damages exceed $5,000,000, exclusive of fees, costs and interest.

**ANSWER:** The allegations in Paragraph 18 state conclusions of law and not allegations of fact that Federal may be required to admit or deny. To the extent a response is required, Federal denies the allegations in Paragraph 18.

19.     The Court has personal jurisdiction over AHC, because it placed the calls that are the subject of this lawsuit to Plaintiff with full knowledge that she resides in Illinois and has an Illinois telephone number. Moreover, AHC held itself and FIC out as being located in Illinois by spoofing the caller ID for the calls to Plaintiff with an in-District area code, 708.

**ANSWER:** The allegations in Paragraph 19 state conclusions of law and not allegations of fact that Federal may be required to admit or deny. To the extent a response is required, Federal lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 19, and therefore denies these allegations.

20.     The Court has personal jurisdiction over FIC because it authorized its agent AHC to solicit business through the outbound telephone calls that are the subject of this lawsuit into the State of Illinois for the purpose of soliciting Plaintiff and the class for its insurance.

**ANSWER:** The allegations in Paragraph 20 state conclusions of law and not allegations of fact that Federal may be required to admit or deny. To the extent a response is required, Federal denies all allegations in Paragraph 20, including specifically denying that AHC is its agent, and further denying that Federal authorized AHC to solicit business through the subject outbound telephone calls into the State of Illinois for the purpose of soliciting Plaintiff and the class for its insurance.

21.     Defendants each exploit the Illinois market in relation to the insurance-related products and services they attempted to sell to Plaintiff Bilek and the class in this case. Indeed, they have each systematically, continuously, and deliberately done and attempted to do business in this District and throughout Illinois, and generated revenue as a consequence of resulting sales to Illinois consumers—including as a direct result of the telemarketing calls at issue here. And not only that, but Defendants thereafter perform on those sales, by providing the insurance-related products and services purchased during those calls to such Illinois consumers, in Illinois. Both Defendants purposefully availed themselves of the privilege of doing business in Illinois, and purposefully directed their business activities into this state—and it is those contacts with this forum from which the claims of Plaintiff and the class in this matter arise out of or relate to. Plaintiff's and the class's injuries here directly relate to (and, indeed, arise out of) each Defendant's affirmative efforts to advertise to and serve the Illinois market, and maintenance of this action in this District therefore does not offend traditional notions of fair play and substantial justice. The Court has personal jurisdiction over Defendants.

**ANSWER:** The jurisdictional allegations in Paragraph 21 state conclusions of law and not allegations of fact that Federal may be required to admit or deny. To the extent a response is required, Federal denies all such allegations in Paragraph 21. Federal denies all remaining allegations asserted against it within Paragraph 21. Federal lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations against the other Defendant in Paragraph 21, and therefore denies these allegations.

22.     FIC authorized AHC to use its tradename and to provide quotations for its insurance products and services during such call, thus creating the reasonable – and true – impression for Plaintiff that FIC authorized the solicitation calls.

**ANSWER:** The allegations in Paragraph 22 are legal conclusions and not allegations of fact that Federal may be required to admit or deny. To the extent that a response is required, Federal denies the allegations asserted against it in Paragraph 22.

23.     FIC ratified the telemarketing that is the subject of this case by willfully and knowingly issuing a quote for its products and services to AHC, to be made during the illegal calls that are the subject of this case.

**ANSWER:** The allegations in Paragraph 23 are legal conclusions and not allegations of fact that Federal may be required to admit or deny. To the extent that a response is required, Federal denies the allegations asserted against it in Paragraph 23.

24.     Venue is appropriate in this District because Plaintiff received the calls that are the subject of this case while in this District.

**ANSWER:** The allegations in Paragraph 24 are legal conclusions and not allegations of fact that Federal may be required to admit or deny. To the extent that a response is required, Federal denies the allegations asserted against it in Paragraph 24.

## FACTS
### Bilek Facts

25.     On or about September 23, 2020, AHC called Plaintiff on her cell phone from caller ID (708) 497-8309.

**ANSWER:** Federal lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 25, and therefore denies these allegations.

26.     Because this call came from a phone number with an in-District area code (the same as Plaintiff's), Plaintiff believed the caller was someone from the Chicago suburbs; perhaps a neighbor or care-giver.

**ANSWER:** Federal lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 26 and therefore denies these allegations.

27.     In fact, AHC made the call to solicit Plaintiff to purchase FIC insurance.

**ANSWER:** Federal lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 27, and therefore denies these allegations.

28.     AHC spoofed the phone number to make it appear like it had been made locally to Plaintiff (and the other class members in this District), so that the call recipient would be more likely to answer.

**ANSWER:** Federal lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 28, and therefore denies these allegations.

29.     Plaintiff fell for this deception, and answered the call.

**ANSWER:** Federal lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 29, and therefore denies these allegations.

30.     The call played a prerecorded message that solicited health insurance and instructed Plaintiff to "press 1" to be connected with a representative.

**ANSWER:** Federal lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 30, and therefore denies these allegations.

31.     The prerecorded message identified neither Federal nor AHC.

**ANSWER:** Federal lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 31, and therefore denies these allegations.

32.     Plaintiff "pressed 1" as instructed by the prerecorded prompt, and was connected to an individual identified as an agent with America's Health Providers, a fictitious name for AHC.[3]

**ANSWER:** Federal lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 32, including the allegations in footnote 3, and therefore denies these allegations.

33.     After asking several questions, the AHC agent provided Plaintiff with a quote for health insurance, including based on Plaintiff's ZIP code in this District.

**ANSWER:** Federal lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 33, and therefore denies these allegations.

34.     Specifically, the AHC agent quoted Plaintiff for a $359.85/month MultiPlan PPO insurance plan underwritten by "Chubb" (i.e., FIC), with $0.00 deductible, that included 65% vision coverage, 70% dental coverage, and $3.00 to $5.00 co-pays for prescription drugs. The agent informed Plaintiff that the plan did not include any childbirth, mental health, or drug/alcohol coverage.

**ANSWER:** There is no Defendant known as "Chubb." In any event, Federal lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 34, and therefore denies these allegations.

35.     The AHC agent also informed Plaintiff that the plan required payment of a one-time, $99.95 fee, which Plaintiff understood would compensate AHC for having generated her as

---

[3] *See* http://dos.sunbiz.org/pdf/50334705.pdf.

a sale, but could also have been a fee paid to some third party that was not mentioned during the call.

**ANSWER:** Federal lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 35, and therefore denies these allegations.

36.    FIC authorized AHC to use its tradename "Chubb" for this call and insurance quote.

**ANSWER:** There is no Defendant known as "Chubb."   In any event, the allegations in Paragraph 36 are legal conclusions and not allegations of fact that Federal may be required to admit or deny. To the extent that a response is required Federal denies the allegations asserted against it in Paragraph 36.

37.    Based upon the fact that AHC and "Chubb" (i.e., FIC) were identified during the call and quote, Plaintiff reasonably believed that the call was made by AHC to solicit for FIC, with both Defendants' authorization, and relied upon such.

**ANSWER:** There is no Defendant known as "Chubb."   In any event, the allegations in Paragraph 37 are legal conclusions and not allegations of fact that Federal may be required to admit or deny. To the extent that a response is required, Federal lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 37, and therefore denies these allegations.

38.    On information and belief, Plaintiff received additional prerecorded calls from AHC, too, which did not identify either Defendant in the prerecorded portion of the call, did not provide a legitimate phone number or address for them, and which were made using a spoofed caller ID. These phone calls are difficult to identify given spoofed caller ID and noncompliance.

**ANSWER:** Federal lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 38, and therefore denies these allegations.

<u>**Additional Facts and Allegations**</u>

39.    Calls to Plaintiff and the class "spoofed" the caller ID to make it appear that the calls originated locally or from someone other than Defendants, thus increasing the likelihood that recipients would answer and listen to the sales pitch.

**ANSWER:** Federal specifically denies that it made or caused any calls to be made to Plaintiff. Federal lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 39, and therefore denies these allegations.

40.    Spoofing also has the purpose and effect of lowering the probability that Defendants will get caught in making illegal telemarketing calls.

**ANSWER:** Federal lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 40, and therefore denies these allegations.

41.    This, coupled with the fact that the prerecorded message did not identify the caller or seller, or provide a phone number or address, permits Defendants to make a shocking number of telemarketing calls with relative impunity.

**ANSWER:** Federal specifically denies that it made or caused any calls to be made to Plaintiff or that it makes or causes to be made a "shocking number of telemarketing calls with relative impunity." Federal lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 41, and therefore denies these allegations.

42.    Thus – by design, in order to attempt to evade TCPA and state-law liability – only consumers who indicate an interest when presented with the prerecorded message are told who made the calls, and what is being sold.

**ANSWER:** Federal specifically denies that it designs or participates, directly or indirectly, in any attempt to evade TCPA and state-law liability. Federal lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 42, and therefore denies these allegations.

43.    AHC is directly liable for violations of the TCPA and ATDA in relation to the calls to Plaintiff and the class and subclass, because it physically placed and actively participated in them.

**ANSWER:** The allegations in Paragraph 43 are legal conclusions and not allegations of fact that Federal may be required to admit or deny. To the extent that a response is required, Federal lacks

knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted against AHC in Paragraph 43, and therefore denies these allegations. To the extent any allegations in Paragraph 43 are deemed to be directed against Federal, Federal lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations against it in Paragraph 43, and therefore denies any such allegations

44.    FIC appointed AHC as its agent for purposes of soliciting potential business on its behalf, including for the telemarketing at issue.

**ANSWER:** The allegations in Paragraph 44 are legal conclusions and not allegations of fact that Federal may be required to admit or deny. To the extent that a response is required, Federal denies the allegations in Paragraph 44.

45.    FIC appointed AHC as its agent for purposes of receiving applications for insurance, including specifically as to Illinois consumers like Plaintiff.

**ANSWER:** The allegations in Paragraph 45 are legal conclusions and not allegations of fact that Federal may be required to admit or deny. To the extent that a response is required, Federal denies the allegations in Paragraph 45.

46.    FIC insisted upon controlling – and maintaining the ability to control – the day-to day operations of AHC. For example:

    a.  FIC maintained the unilateral right to give instructions to AHC about telemarketing or any other aspect of their relationship at any time;

    b.  FIC maintained the right to terminate its agreement with AHC at any time for any reason,

    c.  FIC maintained the right to reject any particular potential or existing customer that AHC (or any other similar vendor) provided for any reason at all,

    d.  FIC dictated the geographical regions AHC called, and specifically authorized AHC to solicit Illinois consumers - like Plaintiff - to sell its goods and services;

    e.  FIC enjoyed and maintained the right to control and approve the manner in which AHC sales were generated or solicited, including the manner and content of any advertising;

    f.  FIC maintained the unilateral right to reduce or suspend AHC's authority to solicit business and telemarket for any reason upon written notice;

    g.  FIC enjoyed the right to audit AHC's financial and account records upon unilateral demand.

**ANSWER:** Federal denies each and every allegation in Paragraph 46, including the allegations contained in subparagraph (a) through (g) of Paragraph 46. Federal also specifically denies that it has any contract or agreement with AHC.

47. Plaintiff and other class members reasonably believed FIC authorized the calls at issue, based on FIC's own actions—including through it permitting AHC to use its tradename during such marketing, compensating AHC for business derived from such calls, permitting AHC access to detailed, proprietary pricing and product information used in such calls (and which AHC used to provide the quote to Plaintiff), authorizing AHC to issue quotes and bind FIC through sales derived through such calls, and retaining revenue and providing the goods and services purchased as a result of such.

**ANSWER:** The allegations in Paragraph 47 are legal conclusions and not allegations of fact that Federal may be required to admit or deny. To the extent that a response is required, Federal denies the allegations in Paragraph 47.

48. FIC knew that AHC was telemarketing on its behalf using an artificial or prerecorded voice irrespective of the called party's consent, and did nothing to prevent or stop the calling at issue. Instead of repudiating the calls and business derived therefrom, FIC knowingly continued to enjoy the benefits of the marketing, such as the advertising benefit and acceptance of revenue from new customers derived therefrom.

**ANSWER:** Federal denies the allegations in Paragraph 48.

49. Both Defendants have been sued in the past for analogous telemarketing violations, and their executives and legal teams were on actual notice that their practices were resulting in nonconsensual robocalls to consumers' cell phones like those alleged here. *See, e.g., Hossfeld v. Am. Fin. Sec. Life Ins. Co.,* No. 0:19-cv-60597 (S.D. Fla. filed Mar. 6, 2019) (class action against FIC based on TCPA robocall violations); *Fitzhenry v. GoHealth, LLC,* No. 1:19-cv-06318 (N.D. Ill. filed Sept. 23, 2019) (cross-claim against AHC in case based on TCPA robocall violations). Nonetheless, both FIC and AHC have continued to reap the benefits of these illegal calls, choosing profits over consumer privacy.

**ANSWER:** Federal admits that it has been sued for alleged violations of the TCPA and ATDA in the past, but denies that such suits and allegations are relevant to Federal's alleged liability in the instant action, and further denies any wrongdoing or liability in those cases. Federal further admits that Plaintiff's counsel in this case previously filed the case of *Hossfeld v. Am. Fin. Sec.*

*Life Ins. Co.,* No. 0:19-cv-60597 (S.D. Fla. filed Mar. 6, 2019) against Federal alleging

violations under the TCPA and that this case is still pending; however, Federal denied any

wrongdoing or liability in that case, and the case was dismissed against Federal. Federal denies

each and every remaining allegation asserted against it in Paragraph 49. Federal lacks

knowledge or information sufficient to form a belief as to the truth or falsity of the allegations

against the other Defendant in Paragraph 49, and therefore denies these allegations.

50.    FIC's actions and omissions with regard to the telemarketing complained of
herein justify a reasonable assumption that it consented to the telemarketing at issue.

**ANSWER:** The allegations in Paragraph 50 are legal conclusions and not allegations of fact that

Federal may be required to admit or deny. To the extent that a response is required, Federal

denies the allegations in Paragraph 50.

51.    FIC knowingly accepted business that originated through the nonconsensual
telemarketing at issue, including compensating AHC for doing so, and thereafter provided the
products and services purchased through the calling and retained revenue from such, thus
ratifying it.

**ANSWER:** The allegations in Paragraph 51 are legal conclusions and not allegations of fact that

Federal may be required to admit or deny. To the extent that a response is required, Federal

denies the allegations within Paragraph 51.

52.    Alternatively, to the extent that FIC lacked full knowledge about every aspect of
the telemarketing by AHC on its behalf, it failed to investigate further despite knowledge that
would have caused a reasonable person to do so.

**ANSWER:** The allegations in Paragraph 52 are legal conclusions and not allegations of fact that

Federal may be required to admit or deny. To the extent that a response is required, Federal

denies the allegations within Paragraph 52.

53.    FIC received numerous complaints about nonconsensual telemarketing by AHC
and similar vendors (and has even been sued in the past by other clients of Plaintiff's counsel),
but nonetheless failed to investigate or correct its deficient policies, practices, and procedures
that resulted in the illegal calling at issue. Indeed, FIC knows that it will continue to benefit from

violations of the TCPA and other telemarketing laws like the ATDA but treats it like a cost of doing business instead of ensuring actual compliance.

**ANSWER**: Federal admits that it has been sued for alleged violations of the TCPA and ATDA in the past, but denies that such suits and allegations are relevant to Federal's alleged liability in the instant action, and further denies any wrongdoing or liability in those cases. Federal denies that it has received numerous complaints about nonconsensual telemarketing by AHC. Federal denies the remaining allegations in Paragraph 53, including specifically denying that its policies, practices, and procedures were deficient or resulted in the subject calls that were allegedly placed to Plaintiff or the purported class. Furthermore, Federal specifically denies that it violates the TCPA or other telemarketing laws like the ATDA, or that it treats violations of the TCPA or the ATDA as a cost of doing business instead of ensuring compliance.

54. Defendants' violations were negligent. Alternatively, they were willful and knowing.

**ANSWER**: The allegations in Paragraph 54 are legal conclusions and not allegations of fact that Federal may be required to admit or deny. To the extent that a response is required, Federal denies the allegations within Paragraph 54.

55. Plaintiff and the class have been damaged by Defendants' calls. Their privacy was improperly invaded, Defendants' calls temporarily seized and trespassed upon the use of their phones, and they were forced to divert attention away from other activities to address the calls. Defendants' calls were annoying and a nuisance, and wasted the time of Plaintiff and the class. *See, e.g., Mims v. Arrow Fin. Servs., Inc.*, 132 S. Ct. 740 (2012) (discussing congressional findings of consumer "outrage" as to autodialed and prerecorded calls).

**ANSWER**: The allegations in Paragraph 55 state conclusions of law and not allegations of fact that Federal may be required to admit or deny. To the extent a response is required, Federal denies the allegations in Paragraph 55.

## CLASS ACTION ALLEGATIONS

56.    Plaintiff brings this action under Federal Rules of Civil Procedure 23(b)(2) and (b)(3), on behalf of a class and subclass consisting of:

> All persons in the United States whose cellular telephone number AHC, or some third party on its behalf, called using an artificial or prerecorded voice, where prior to such call there existed no signed, written agreement with the recipient that included a disclosure informing the person signing that: (A) By executing the agreement, such person authorizes AHC or FIC to deliver or cause to be delivered to the signatory telemarketing calls using an artificial or prerecorded voice; and (B) the person is not required to sign the agreement (directly or indirectly), or agree to enter into such an agreement as a condition of purchasing any property, goods, or services.
>
> > Plaintiff alleges a subclass of Illinois consumers who received the challenged calls.

**ANSWER:** Federal admits that Plaintiff purports to bring this action against Defendants on an individual and class basis, but Federal expressly denies any wrongdoing or liability alleged against it in this action..  Federal denies the remaining allegations in Paragraph 56.

57.    Upon information and belief, there were more than 1,000 persons who received calls as identified in each of the foregoing class and subclass definitions in 2020, alone.

**ANSWER:** Federal lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 57, and therefore denies these allegations.

58.    Common questions of law or fact exist as to all members of the class and subclass, which predominate over any questions solely affecting any individual member, including Plaintiff. Such questions common include but are not limited to:

a. Whether the calls to Plaintiff and the subclass were made using an "autodialer" as such term is defined or understood under the ATDA;
b. Whether the calls to Plaintiff and the class were made using an artificial or prerecorded voice as such terms are defined or understood under the TCPA and applicable FCC regulations and orders
c. Whether Defendants had valid consent for calls to the cell phone numbers of Plaintiff and the other members of the class and subclass; and
d. Damages, including whether any violations were performed willfully or knowingly, such that Plaintiff and the other members of the class are entitled to treble damages under 47 U.S.C. § 227(b)(3).

**ANSWER:** The allegations in Paragraph 58 state conclusions of law and not allegations of fact that Federal may be required to admit or deny. To the extent a response is required, Federal denies the allegations in Paragraph 58, including subparagraphs (a) through (d).

59.     Plaintiff's claims are typical of the claims of the other members of the class and subclass. The factual and legal bases of Defendants' liability to Plaintiff and the other class members are the same: Defendants violated the TCPA by causing spoofed, artificial- or prerecorded-voice telemarketing calls to be made to the cellular telephone number of each member of the class and subclass, without permission.

**ANSWER:** Federal specifically denies that it "violated the TCPA by causing spoofed, artificial or prerecorded-voice telemarketing calls to be made to the cellular telephone number of each member of the class and subclass, without permission." The remaining allegations in Paragraph 59 state conclusions of law and not allegations of fact that Federal may be required to admit or deny. To the extent a response is required, Federal denies the remaining allegations against it in Paragraph 59. Federal lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations made against the other Defendant in Paragraph 59, and therefore denies these allegations.

60.     Plaintiff will fairly and adequately protect the interests of the class and subclass. Plaintiff has no interests that might conflict with the interests of the class and subclass. Plaintiff is interested in pursuing her claims vigorously, and she has retained counsel competent and experienced in class and complex litigation, including with regards to the claims alleged herein.

**ANSWER:** The allegations in Paragraph 60 state conclusions of law and not allegations of fact that Federal may be required to admit or deny. To the extent a response is required, Federal denies the allegations in Paragraph 60.

61.     Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual action would entail. There are, on information and belief, thousands of class and subclass members, such that joinder of all members is impracticable.

**ANSWER:** The allegations in Paragraph 61 state conclusions of law and not allegations of fact that Federal may be required to admit or deny. To the extent a response is required, Federal denies the allegations in Paragraph 61.

62. No difficulties are likely to be encountered in the management of this action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.

**ANSWER:** The allegations in Paragraph 62 state conclusions of law and not allegations of fact that Federal may be required to admit or deny. To the extent a response is required, Federal denies the allegations in Paragraph 62.

63. Defendants have acted and failed to act on grounds generally applicable to Plaintiff and the other members of the class and subclass, thereby making relief appropriate with respect to the class and subclass as a whole. Prosecution of separate actions by individual members of the class and subclass, should they even realize that their rights have been violated, would likely create the risk of inconsistent or varying adjudications with respect to individual members of the class and subclass that would establish incompatible standards of conduct.

**ANSWER:** The allegations in Paragraph 63 state conclusions of law and not allegations of fact that Federal may be required to admit or deny. To the extent a response is required, Federal denies each and every allegation asserted against it in Paragraph 63. Federal lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations against the other Defendant in Paragraph 63, and therefore denies these allegations.

64. The identity of the class and subclass are, on information and belief, readily identifiable from Defendants' or their vendors' records.

**ANSWER:** Federal lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in Paragraph 64, and therefore denies these allegations.

## COUNT I
### Violations of the TCPA, 47 U.S.C. § 227

65. Plaintiff re-alleges and incorporates all prior allegations. Plaintiff brings this count on behalf of herself and the class.

**ANSWER**: Federal re-alleges and incorporates its answers to Paragraphs 1-64 of Plaintiff's Complaint as if fully set forth herein. Federal admits that Plaintiff purports to bring this count on behalf of herself and a class, but Federal expressly denies any wrongdoing or liability alleged against it in this action.

66. It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using ... an artificial or prerecorded voice ... to any telephone number assigned to a ... cellular telephone service[.]" 47 U.S.C. § 227(b)(1)(A)(iii).

**ANSWER**: The allegations in Paragraph 66 state conclusions of law and not allegations of fact that Federal may be required to admit or deny. To the extent a response is required, Federal admits only that Paragraph 66 quotes a certain portion of 47 U.S.C. § 227 and Federal refers to 47 U.S.C. § 227 for its complete and accurate contents. Federal denies any quoted language in Paragraph 66 that is inconsistent with the relevant provisions of 47 U.S.C. § 227.

67. Defendants initiated or caused to be initiated calls to the cellular telephone numbers of Plaintiff and the other members of the class defined above using an artificial or prerecorded voice. These calls were made without regard to whether or not Defendants had previously obtained express consent from the called party to make such calls. In fact, Defendants did not have prior express consent to call the cell phones of Plaintiff and the other members of the class when the calls were made.

**ANSWER**: Federal specifically denies that it placed, initiated, or caused to be initiated any calls to Plaintiff or members of the putative class or subclass. Federal also denies each and every allegation asserted against it in Paragraph 67. Federal lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations against other Defendants in Paragraph 67, and therefore denies these allegations.

68. These calls and violations were willful or knowing.

**ANSWER:** The allegations in Paragraph 68 state conclusions of law and not allegations of fact that Federal may be required to admit or deny. To the extent a response is required, Federal

denies the allegations in Paragraph 68. Federal also specifically denies that it placed or caused any calls to be placed to Plaintiff or members of the putative class or subclass. Federal lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations against the other Defendant in Paragraph 68, and therefore denies these allegations.

69.     Defendants violated the TCPA by causing non-emergency calls to be made to the cell phone numbers of Plaintiff and the class using an artificial or prerecorded voice, without prior express consent.

**ANSWER**: Federal specifically denies that it placed or caused any calls to be placed to Plaintiff or members of the putative class or subclass. Federal denies the remaining allegations asserted against it in Paragraph 69. Federal lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations against the other Defendant in Paragraph 69, and therefore denies these allegations.

70.     To the extent that some of the calls to Plaintiff and the class were made by vendors of Defendants, Defendants are liable for those calls, too.

**ANSWER**: The allegations in Paragraph 70 state conclusions of law and not allegations of fact that Federal may be required to admit or deny. To the extent a response is required, Federal denies each and every allegation asserted against it in Paragraph 70. Federal lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations against other Defendants in Paragraph 70, and therefore denies these allegations.

71.     As a result of Defendants' conduct and pursuant to Section 227(b)(3) of the TCPA, Plaintiff and the other members of the class were harmed and are each entitled to a minimum of $500 in damages for each violation; treble damages if violations are found to have been willful or knowing. Plaintiff and the class are also entitled to an injunction against future calls. 47 U.S.C. § 227(b)(3).

**ANSWER**: The allegations in Paragraph 71 state conclusions of law and not allegations of fact that Federal may be required to admit or deny. To the extent a response is required, Federal denies each and every allegation asserted against it in Paragraph 71. Federal lacks knowledge or

information sufficient to form a belief as to the truth or falsity of the allegations against the other

Defendant in Paragraph 71, and therefore denies these allegations.

72.     Because Defendants knew or should have known that Plaintiff and the other members of the class had not given prior express consent to receive such artificial- or prerecorded-voice calls to their cell phone numbers—and/or willfully caused such calls to be made to the cell phone numbers of Plaintiff and the other members of the class without prior express consent—the Court should treble the amount of statutory damages available to Plaintiff and the other members of the class, pursuant to Section 227(b)(3) of the TCPA.

**ANSWER**: The allegations in Paragraph 72 state conclusions of law and not allegations of fact

that Federal may be required to admit or deny. To the extent a response is required, Federal

denies each and every allegation asserted against it in Paragraph 72. Federal lacks knowledge or

information sufficient to form a belief as to the truth or falsity of the allegations against the other

Defendant in Paragraph 72, and therefore denies these allegations.

WHEREFORE, Defendant, FEDERAL INSURANCE COMPANY, prays for dismissal

of Count I of Plaintiff's Complaint, for judgment in its favor, including costs and disbursements

of this action, and for such other and further relief as this Court deems just, proper or equitable.

### COUNT II
### Violations of the ATDA, 815 ILCS 305/1 *et seq.*

73.     Plaintiff re-alleges and incorporates all prior allegations. Plaintiff brings this count on behalf of herself and the subclass.

**ANSWER**: Federal re-alleges and incorporates its answers to Paragraphs 1-72 of Plaintiff's

Complaint as if fully set forth herein.  Federal admits that Plaintiff purports to bring this count

on behalf of herself and a subclass, but Federal expressly denies any wrongdoing or liability

alleged against it in this action.

74.     The ATDA prohibits "play[ing] a prerecorded message placed by an autodialer without the consent of the called party." 815 ILCS 305/30(b).

**ANSWER**: The allegations in Paragraph 74 state conclusions of law and not allegations of fact that Federal may be required to admit or deny. To the extent a response is required, Federal admits only that Paragraph 74 quotes a certain portion of 815 ILCS 305/30 and Federal refers to 815 ILCS 305/30 for its complete and accurate contents. Federal denies any quoted language in Paragraph 74 that is inconsistent with the relevant provisions of 815 ILCS 305/30.

75.      Under the ATDA, an "autodialer" or "autodialer system" is defined as "any telephone dialing or accessing device, machine, computer or system capable of storing telephone numbers which is programmed to sequentially or randomly access the stored telephone numbers in order to automatically connect a telephone with a recorded message[.]" 815 ILCS 305/5(a).

**ANSWER**: The allegations in Paragraph 75 state conclusions of law and not allegations of fact that Federal may be required to admit or deny. To the extent a response is required, Federal admits only that Paragraph 75 quotes a certain portion of 815 ILCS 305/5 and Federal refers to 815 ILCS 305/5 for its complete and accurate contents. Federal denies any quoted language in Paragraph 75 that is inconsistent with the relevant provisions of 815 ILCS 305/5.

76.      A "recorded message" refers to "any taped communication soliciting the sale of goods or services without live voice interaction." 815 ILCS 305/5(c).

**ANSWER**: The allegations in Paragraph 76 state conclusions of law and not allegations of fact that Federal may be required to admit or deny. To the extent a response is required, Federal admits only that Paragraph 76 quotes a certain portion of 815 ILCS 305/5 and Federal refers to 815 ILCS 305/5 for its complete and accurate contents. Federal denies any quoted language in Paragraph 76 that is inconsistent with the relevant provisions of 815 ILCS 305/5.

77.      Defendants violated the ATDA by causing prerecorded messages placed by an autodialer to be played during calls to the phones of Plaintiff and the other subclass members, without such persons' consent. No human being physically dialed each digit of Plaintiff's and the other subclass members' telephone numbers to call their phones; rather, the calls were made using a dialing system that dialed randomly or sequentially from a database of stored numbers, automatically and without human intervention, including as evidenced by the automated nature of the calls.

**ANSWER**: Federal denies each and every allegation alleged against it in Paragraph 77. Federal also specifically denies that it placed or caused any calls to be placed to Plaintiff or members of the putative class or subclass. Federal lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations against the other Defendant in Paragraph 77, and therefore denies these allegations.

78.     Defendants' prerecorded messages to the phones of Plaintiff and the other subclass members included language soliciting the sale of goods or services without live voice interaction, including offering insurance.

**ANSWER**: Federal denies each and every allegation asserted against it in Paragraph 78. Federal also specifically denies that it placed or caused any calls to be placed to Plaintiff or members of the putative class or subclass. Federal lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations against the other Defendant in Paragraph 78, and therefore denies these allegations.

79.     As a result of Defendants' conduct and pursuant to Section 30(c)-(c-5) of the ATDA, Plaintiff and the other members of the subclass were harmed and are each entitled to statutory damages of $500 per violation and three times any actual damages, as well as costs and attorneys' fees. 815 ILCS 305/30(c)-(c-5).

**ANSWER**: The allegations in Paragraph 79 state conclusions of law and not allegations of fact that Federal may be required to admit or deny. To the extent a response is required, Federal denies each and every allegation asserted against it in Paragraph 79. Federal lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations against the other Defendant in Paragraph 79, and therefore denies these allegations.

WHEREFORE, Defendant, FEDERAL INSURANCE COMPANY, prays for dismissal of Count II of Plaintiff's Complaint, for judgment in its favor, including costs and disbursements of this action, and for such other and further relief as this Court deems just, proper or equitable.

## COUNT III
### Violations of the ATDA, 815 ILCS 305/1 *et seq.*

80.    Plaintiff re-alleges and incorporates all prior allegations. Plaintiff brings this count on behalf of herself and the subclass.

**ANSWER**: Federal re-alleges and incorporates its answers to Paragraphs 1-79 of Plaintiff's Complaint as if fully set forth herein.  Federal admits that Plaintiff purports to bring this count on behalf of herself and a subclass, but Federal expressly denies any wrongdoing or liability alleged against it in this action.

81.    The ATDA prohibits "mak[ing] or caus[ing] to be made telephone calls utilizing an autodialer in a manner that does not comply with Section 15." 815 ILCS 305/30(a).

**ANSWER**: The allegations in Paragraph 81 state conclusions of law and not allegations of fact that Federal may be required to admit or deny. To the extent a response is required, Federal admits only that Paragraph 58 quotes a certain portion of 815 ILCS 305/30 and Federal refers to 815 ILCS 305/30 for its complete and accurate contents. Federal denies any quoted language in Paragraph 81 that is inconsistent with the relevant provisions of 815 ILCS 305/30.

82.    Section 15 of the ATDA, in turn, provides that "[a]n autodialer may not be operated in a manner that impedes the function of any caller ID when the telephone solicitor's service or equipment is capable of allowing the display of the solicitor's telephone number." 815 ILCS 305/15(d).

**ANSWER**: The allegations in Paragraph 82 state conclusions of law and not allegations of fact that Federal may be required to admit or deny. To the extent a response is required, Federal admits only that Paragraph 82 quotes a certain portion of 815 ILCS 305/15 and Federal refers to 815 ILCS 305/15 for its complete and accurate contents. Federal denies any quoted language in Paragraph 82 that is inconsistent with the relevant provisions of 815 ILCS 305/15.

83.    Defendants' telemarketing calls above were made with the caller ID set to deceive consumers into answering calls they would not otherwise answer.

**ANSWER**: Federal denies each and every allegation alleged against it in Paragraph 83. Federal also specifically denies that it placed or caused any calls to be placed to Plaintiff or members of the putative class or subclass. Federal lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations asserted against the other Defendant in Paragraph 83, and therefore denies these allegations.

84.    While the service or equipment used to make such calls was capable of allowing the display of a legitimate telephone number, the calls were made instead using disparate caller IDs, designed to trick consumers into answering calls.

**ANSWER:** Federal specifically denies that it placed or caused any calls to be placed to Plaintiff or members of the putative class or subclass. Federal lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 84, and therefore denies these allegations.

85.    For example, AHC called Plaintiff using a spoofed phone number with a "708" area code, which deceived Plaintiff into believing it was made locally from the Chicago suburbs. This caused Plaintiff to answer the phone when she might otherwise have ignored the call.

**ANSWER:** Federal lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 85, and therefore denies these allegations.

86.    As a result of Defendants' conduct and pursuant to Section 30(c)-(c-5) of the ATDA, Plaintiff and the other members of the subclass were harmed and are each entitled to statutory damages of $500 per violation and three times any actual damages, as well as costs and attorneys' fees. 815 ILCS 305/30(c)-(c-5).

**ANSWER**: The allegations in Paragraph 86 state conclusions of law and not allegations of fact that Federal may be required to admit or deny. To the extent a response is required, Federal denies each and every allegation asserted against it in Paragraph 86. Federal lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations against the other Defendant in Paragraph 86, and therefore denies these allegations.

WHEREFORE, Defendant, FEDERAL INSURANCE COMPANY, prays for dismissal of Count III of Plaintiff's Complaint, for judgment in its favor, including costs and disbursements of this action, and for such other and further relief as this Court deems just, proper or equitable.

## AFFIRMATIVE DEFENSES

In further response to the allegations set forth in Plaintiff's Complaint, and without waiving any denials of fact or liability set forth herein, Federal hereby sets forth the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff lacks standing to bring the individual and class claims that are the subject of this Class Action Complaint.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims must be dismissed for lack of personal jurisdiction to the extent any of the alleged calls and/or damages at issue occurred outside of Illinois. *Mackey v. IDT Energy, Inc.*, 432 F.Supp.3d 783, 786 (N.D. Ill. Jan 9, 2020).

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's individual and class claims are barred, in whole or in part, to the extent that Plaintiff provided prior consent to receive the calls that are the subject of this Class Action Complaint.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff cannot be held liable to Plaintiff or any class member because it had a good-faith basis to believe that Plaintiff and any class member provided consent for the alleged calls at issue.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's individual and class claims are barred, in whole in part, by the fact that the automatic dialer referenced in the Class Action Complaint does not qualify as an Automatic Telephone Dialing System ("ATDS") in light of the Supreme Court's decision in *Facebook, Inc v. Duguid*, 141 S. Ct. 1163 (2021).

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's class claims are barred by Plaintiff's failure to meet the requirements of Fed. R. Civ. P. 23(a) and/or Fed. R. Civ. P. 23(b).

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's individual and class claims are barred, in whole or in part, by the applicable statute of limitations.

### EIGHTH AFFIRMATIVE DEFENSE

Federal cannot be held liable to Plaintiff or any class member because Federal expressly requires that any and all leads used by producers be from individuals who consented to be called and that any and all calls made to sell Federal products comply with all state and federal laws, including the TCPA and ATDA, and Federal had no knowledge of any of the alleged TCPA or ATDA violations.

## NINTH AFFIRMATIVE DEFENSE

Federal cannot be held liable to Plaintiff or any class member because any alleged calls that were not in compliance with the TCPA or the ATDA were made by third-parties without actual, implied, or apparent authority, or any ratification, from Federal.

**Dated**: October 26, 2021

Respectfully submitted,

FEDERAL INSURANCE COMPANY

By:     _/s/ Jeremy D. Kerman_____
One of its Attorneys

Arthur J. McColgan (amccolgan@walkerwilcox.com)
Christopher A. Wadley (cwadley@walkerwilcox.com)
Jeremy D. Kerman (jkerman@walkerwilcox.com)
Michael A. Mintzer (mmintzer@walkerwilcox.com)
WALKER WILCOX MATOUSEK LLP
One North Franklin Street, Suite 3200
Chicago, Illinois 60606
T: 312-244-6700 F: 312-244-6800

Attorneys for Defendant *Federal Insurance Company*

**CERTIFICATE OF SERVICE**

The undersigned certifies that, on October 26, 2021, Federal's Answer and Affirmative Defenses were filed with the Clerk of Court using the CM/ECF System, which will send notification of such filing to the attorneys of record at the email addresses on file with the Court.

/s/ Jeremy D. Kerman
Jeremy D. Kerman